UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

Irene Makler,

             Plaintiff

   v.                                  Civil Action No.:
                                          1:13-CV-03779-NGG-SMG

CAB Asset Management, LLC;
and Richmond University
Medical Center

             Defendants

## ANSWER OF CAB ASSET MANAGEMENT, LLC

Defendant CAB Asset Management, LLC. ("CAB"), as and for its Answer to the Complaint of Irene Makler ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### JURISDICTION AND VENUE

1. Defendant CAB admits that Plaintiff "seeks redress" for alleged violations of law but denies that there is any legal or factual basis for the relief sought therein. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph one of Plaintiff's complaint and therefore denies them.

2. Defendant admits that pursuant to 15 U.S.C. §1692k(d): this Court has jurisdiction over actions arising out of violations of the FDCPA. Defendant is without

knowledge or information sufficient to form a belief as to the remaining allegations of paragraph two and therefore denies the same.

3. Defendant admits that Plaintiff sufficiently alleges supplemental jurisdiction under 28 U.S.C. § 1367 for his alleged claim based upon the Telephone Consumer Protection Act but denies any implication that Defendant committed any actionable wrongdoing in this matter. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph three and therefore denies the same.

4. Defendant admits that venue is proper in this district. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph four and therefore denies the same.

## PARTIES

5. The preceding paragraphs are incorporated herein by reference as if set forth at length.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph six, and therefore denies the same.

7. Defendant admits that it is a Maryland corporation with a principal executive office at 8725 Loch Raven Blvd Ste. 205B, Towson, MD 21286-2207.

8. Defendant admits the allegations contained in paragraph eight.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph nine, and therefore denies the same.

10. Defendant admits being tasked with serving the underlying account, denies purchasing or receiving an assignment of the account, and is without knowledge or information

sufficient to form a belief as to the remaining allegations contained in paragraph ten, and therefore denies the same.

11. Defendant admits that paragraph eleven properly sets forth the definition of a "debt collector" as defined by the FDCPA. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph eleven, and therefore denies the same.

12. Defendant denies the allegations contained in paragraph twelve.

13. Defendant admits that defendant CAB does not have a debt collector license, as required by New York City Administrative Code §20-490. *See* N.Y.C. Admin. Code § 20-489. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph thirteen, and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph fourteen, and therefore denies the same.

## FACTUAL ALLEGATIONS

15. The preceding paragraphs are incorporated herein by reference as if set forth at length.

## THE DEBT

16. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph sixteen, and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph seventeen, and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph eighteen, and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph nineteen, and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty, and therefore denies the same.

21. Defendant admits that paragraph twenty one properly sets forth the definition of a "debt" as defined by the FDCPA. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph twenty one, and therefore denies the same.

## CAB ENGAGES IN UNFAIR PRACTICES AND HARASSMENT

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty two, and therefore denies the same.

23. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty three, and therefore denies the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty four, and therefore denies the same.

25. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty five, and therefore denies the same.

26. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty- ix, and therefore denies the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty seven, and therefore denies the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty eight, and therefore denies the same.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty nine, and therefore denies the same.

30. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty, and therefore denies the same.

## RICHMOND UNIVERSITY MEDICAL CENTER ENGAGES IN UNFAIR PRACTICES

31. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty one, and therefore denies the same.

32. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty two, and therefore denies the same.

33. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty three, and therefore denies the same.

34. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty four, and therefore denies the same.

35. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty five, and therefore denies the same.

## CLASS ACTION DEFINITIONS AND ALLEGATIONS

36. a. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty six (a), and therefore denies the same.

b. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty six (b), and therefore denies the same.

c. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty six (c), and therefore denies the same.

37.	a.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (a), and therefore denies the same.

b.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (b), and therefore denies the same.

c.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (c), and therefore denies the same.

d.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (d), and therefore denies the same.

e.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (e), and therefore denies the same.

f.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (f) and therefore denies the same.

g. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (g), and therefore denies the same.

h.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (h), and therefore denies the same.

i.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (i), and therefore denies the same.

j.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (j), and therefore denies the same.

k.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (k), and therefore denies the same.

l.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (l), and therefore denies the same.

m.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty seven (m), and therefore denies the same.

38.	The preceding paragraphs are incorporated herein by reference as if set forth at length.

## THE PLAINTIFF SUFFERED ACTUAL DAMAGES AS A RESULT OF CAB'S ACTIONS

39.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirty nine, and therefore denies the same.

40.	Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph forty, and therefore denies the same.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

41.	The preceding paragraphs are incorporated herein by reference as if set forth at length.

42.	Defendant denies the allegations contained in paragraph forty two.

43.	Defendant denies the allegations contained in paragraph forty three.

44.	Defendant denies the allegations contained in paragraph forty four.

45.	Defendant denies the allegations contained in paragraph forty five.

46.	Defendant denies the allegations contained in paragraph forty six.

47.	Defendant denies the allegations contained in paragraph forty seven.

48.	Defendant denies the allegations contained in paragraph forty eight.

49.	Defendant denies the allegations contained in paragraph forty nine.

50. Defendant denies the allegations contained in paragraph fifty.

51. Defendant denies the allegations contained in paragraph fifty one.

52. Defendant denies the allegations contained in paragraph fifty two.

## COUNT II
## DEFENDANT CAB's VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, et seq.

53. Defendant admits that paragraph fifty three properly sets forth the definition of an "automatic dialing system" as defined by the TCPA. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph fifty three, and therefore denies the same.

54. Defendant denies the allegations contained in paragraph fifty four.

55. Defendant denies the allegations contained in paragraph fifty five.

56. Defendant denies the allegations contained in paragraph fifty six.

## COUNT III
## DEFENDANT'S VIOLATIONS OF
## NEW YORK GENERAL BUSNESS LAW § 349

57. The preceding paragraphs are incorporated herein by reference as if set forth at length.

58. Defendant admits that paragraph fifty eight accurately sets forth a portion of New York General Business law.

59. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph fifty nine, and therefore denies the same.

60. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph sixty, and therefore denies the same.

61. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph sixty one, and therefore denies the same.

62. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph sixty two, and therefore denies the same.

63. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph sixty three, and therefore denies the same.

64. Defendant denies the allegations contained in paragraph sixty-four.

65. Defendant denies the allegations contained in paragraph sixty-five.

## COUNT IV
## RICHlMOND UNIVERSITY MEDICAL CENTER'S BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

66. The preceding paragraphs are incorporated herein by reference as if set forth at length.

67. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph sixty seven, and therefore denies the same.

68. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph sixty eight, and therefore denies the same.

69. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph sixty nine, and therefore denies the same.

70. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph seventy, and therefore denies the same.

71. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph seventy one, and therefore denies the same.

72. Defendant is without knowledge or information sufficient to form a belief

as to the allegations contained in paragraph seventy two, and therefore denies the same.

73. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph seventy three, and therefore denies the same.

WHEREFORE, Defendant prays that Plaintiff's Complaint and Demand for Jury Trial be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. To the extent that a violation(s) of the FDCPA or New York General Business Law §349 by Defendant is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, including but not limited to procedures to identify and handle differently telephone numbers assigned to cellular phones.

3. Plaintiff failed to mitigate her damages despite having the means to do so, including but not limited to requesting Defendant to stop calling Plaintiff.

4. Plaintiff is estopped from asserting any claim or demand for relief against Defendant by virtue of Plaintiff's own conduct, actions and/or omissions, including but not limited to failure to request that Defendant stop calling Plaintiff.

5. Defendant asserts that it had consent to call the phone number(s) at issue, either via prior express consent or implied consent.

6. Defendant reserves the right to assert additional defenses as may be appropriate based upon case development and discovery.

WHEREFORE, Defendant prays that Plaintiff's Complaint and Demand for Jury Trial be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

s/ David G. Peltan
David G. Peltan, Esq. (DP6862 )
Attorney for Defendant CAB Asset Management, LLC
Peltan Law, PLLC
128 Church Street
East Aurora, NY 14052
(716) 374-5431
davidpeltan@peltanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2013, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Plaintiff, IRENE MAKLER via Plaintiff's counsel of record – Hashim Rahman, Esq.

And, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

s/ David G. Peltan
David G. Peltan, Esq.
